**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6316**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

HERNANDEZ DANIEL,

          Defendant - Appellant.

**No. 21-6319**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

HERNANDEZ DANIEL,

          Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., District Judge.  (3:08-cr-00248-JAG-1)

Submitted:  July 6, 2021                              Decided:  July 27, 2021

Before NIEMEYER, MOTZ, and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Hernandez Daniel, Appellant Pro Se. Jessica D. Aber, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2008, Hernandez Daniel pleaded guilty to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Daniel to 168 months' imprisonment to be served consecutively to any state sentence. In 2019, Daniel filed a motion for a sentence reduction pursuant to the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194. In 2020, Daniel additionally filed a motion for compassionate release in light of the ongoing COVID-19 pandemic. The district court denied both of Daniel's motions on the same day. In these consolidated appeals, Daniel challenges both orders. We affirm.

The Supreme Court recently decided *Terry v. United States*, __ S. Ct. __, No. 20-5904, 2021 WL 2405145, at *2 (U.S. June 14, 2021). Under *Terry,* Daniel is ineligible for a reduction in sentence under the First Step Act. Accordingly, we affirm the denial of Daniel's motion to reduce his sentence in No. 21-6319.

Turning to the compassionate release motion, the district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, if "extraordinary and compelling reasons warrant such a reduction." We review the district court's denial of a motion for compassionate release for an abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021).

On appeal, Daniel contends that he faces a particularized risk of being infected with COVID-19 at his institution. However, he does not challenge the district court's determination that he is not particularly susceptible to severe illness in case of a COVID-19 infection and does not otherwise establish extraordinary and compelling reasons for

release. Moreover, even if Daniel did establish an extraordinary and compelling reason for release, the district court indicated that, under the § 3553(a) factors, Daniel's sentence still promoted respect for the law, afforded adequate deterrence, and protected the public from further crimes. While the district court did not explicitly address Daniel's postsentencing conduct, we conclude that "the district court was *aware* of the arguments [and] *considered* the relevant sentencing factors." *United States v. High,* 997 F.3d 181, 191 (4th Cir. 2021). [*] Accordingly, we affirm the district court's order denying Daniel's compassionate release motion in No. 21-6316.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Indeed, in its denial of Daniel's First Step Act motion (decided on the same day as the compassionate release motion), the district court explicitly considered Daniel's post-sentencing conduct and found it did not warrant a reduced sentence.